UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | **Civil Action No.** |
| **HOUSTON SPECIALTY INSURANCE** § | |
| **COMPANY** § | |
| § | |
| **Defendant.** § | |
| § | |
| § | |

**PLAINTIFF COLONY INSURANCE COMPANY'S**
<u>**ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, Colony Insurance Company ("Colony"), in its own right and as subrogee of RGV Alliance Construction, LLC ("RGV"), and makes and files this Complaint against Houston Specialty Insurance Company and would show the Court as follows:

**1.
Introduction**

1.1   This is an action for declaratory judgment to determine whether Defendant Houston Specialty Insurance Company ("HSIC") has a duty to defend RGV against the claims raised against RGV in a lawsuit styled *Rio Grande City Consolidated ISD (Ringgold Elementary) v. D. Wilson Construction Company*, Cause No. DC-15-204-B in the 229th Judicial District Court, Starr County, Texas ("Underlying Lawsuit").

1.2   RGV was insured against liability by Colony and HSIC. However, HSIC has refused to defend RGV in the Underlying Lawsuit. Colony brings this action seeking reimbursement of past amounts paid by Colony in defense of RGV as well as an order requiring

HSIC to participate in the defense of RGV, attorney's fees, costs of court, and other relief to which it shows itself entitled

## 2.
## Parties

2.1     Plaintiff Colony Insurance Company is a citizen of the Commonwealth of Virginia, being a corporation formed in Virginia and having its principal place of business in Virginia.

2.2     Defendant Houston Specialty Insurance Company is a citizen of state of Delaware and Texas, being an insurance company formed in Delaware and having its principal place of business is in Texas. It may be served by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## 3.
## Jurisdiction and Venue

3.1     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3.2     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 124(b)(7) and 1391(b) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

## 4.
## Factual Allegations

4.1     The Underlying Lawsuit arises from the construction of Ringgold Elementary School, located at 1 Ringgold Avenue, Rio Grande City, Starr County, Texas. The Underlying Plaintiff, Rio Grande City Consolidated ISD, alleges the school was not constructed in a good and workmanlike manner which caused the school to suffer property damage. D. Wilson

Construction Company ("Wilson") filed a third-party petition against RGV, seeking statutory and common law contribution and indemnity if it should be found liable in the Underlying Lawsuit. RGV also asserts its contractual right to be an additional insured under insurance coverage RGV was required to obtain.

4.2     Underlying Plaintiff also filed a cross-claim against Wilson's subcontractors, including RGV for breach of contracts to which Underlying Plaintiff is a beneficiary, breach of implied and express warranties.

4.2     Colony issued RGV under a series of general liability policies as follows:

| | |
|---|---|
| GL3167468 | Effective 10/26/2005 through 10/26/2006 |
| GL3167615 | Effective 10/26/2006 through 06/13/2007 |
| GL3167752 | Effective 10/26/2007 through 10/26/2008 |
| GL3167894 | Effective 10/26/2008 through 10/26/2009 |
| 103GL0009858-11 | Effective 06/01/2015 through 06/01/2016 |

4.2     RGV requested a defense under these policies in the Underlying Suit. Colony has accepted this request, under a reservation of rights.

4.3     HSIC issued RGV a general liability policy, number TEN-10489, effective 10/26/2011 through 10/26/2012.

4.4     Colony tendered notice of the Underlying Lawsuit to HSIC on June 15, 2016 and required that HSIC participate in the defense of their mutual insured.

4.5     On July 11, 2016, Tristar Risk Enterprise Management, Inc., on behalf of HSIC, acknowledged receipt of Colony's tender. However, HSIC did not and has yet to agree to participate in the defense of RGV despite repeated requests.

# 5.
# Causes of Action

**Declaratory Judgment**

5.1 Pursuant to 28 U.S.C. § 2201 *et seq.*, Colony seeks a declaration that:

a. HSIC has a duty to defend RGV as an insured;

b. HSIC owes Colony a share of past defense costs for defending RGV in the Underlying Lawsuit; and

c. HSIC's policy obligates it to participate in the defense of RGV in the Underlying Lawsuit going forward. In the alternative, HSIC's policy obligates it to contribute its share of defense costs going forward.

**Breach of Contract**

5.2 The HSIC policy is a valid and enforceable written contract.

5.3 RGV and, to the extent necessary, Colony fully performed under the contract.

5.4 HSIC breached the terms of the policy by failing to defend RGV in the Underlying Lawsuit.

5.5 HSIC's breach caused injury to Colony. Specifically, Colony has had to pay, and has paid, a greater share of the cost to defend RGV in the Underlying Lawsuit than it would have paid had HSIC not breached the terms of its policy. Such damages will continue to increase as the Underlying Lawsuit continues. Colony seeks judgment against HSIC for the difference between what it would have paid, and what it has had to pay.

5.6 Colony seeks unliquidated damages within the jurisdictional limits of this Court including, but not limited to, all damages proximately caused by HSIC's breach of contract.

5.7 Colony prays that the Court award it all fees it has incurred by defending RGV in the Underlying Lawsuit.

**Contractual and/or Equitable Subrogation and Contribution**

5.8   On grounds of contractual and/or equitable subrogation, contribution, or otherwise, Colony seeks a judgment against HSIC its proper share of the amounts expended by Colony in the defense of RGV in the Underlying Lawsuit from the time Colony tendered the matter to HSIC until its conclusion. Colony also seeks an order requiring HSIC to participate in the defense of RGV pursuant to its policy. Colony had provided RGV a defense from the time of its tender to the present, and, absent any action by HSIC, though conclusion of the Underlying Lawsuit.

5.9   In the alternative, Colony prays that the Court declare the respective rights and responsibilities of Colony and HSIC under their policies in connection with the Underlying Lawsuit, and apportion liability and award Colony recovery for the costs of RGV's defense as appropriate under the applicable provisions of the policies.

**Attorney's Fees**

5.10   Colony also prays for recovery of the attorney's fees it incurred in prosecuting this action, pursuant to section 38.001 of the Texas Civil Practice and Remedies Code, as contractual subrogee of its insured, RGV.

5.11   Colony has satisfied all requirements of section 38.002 of the Texas Civil Practice and Remedies Code, including providing proper notice and demand to HSIC, but HSIC has not responded.

5.12   In the alternative, Colony prays for recovery of the attorney fees it incurred in prosecuting this action pursuant to section 37.001 *et seq.* of the Texas Civil Practice and Remedies Code.

5.13 In the alternative, Colony prays for recovery of the attorney fees it incurred in prosecuting this action under the principles of equitable subrogation.

## 6.
## Conditions Precedent

6.1  All conditions precedent to Colony's recovery herein have occurred or have been waived.

## 7.
## Reservation Regarding Amendment

7.1  Colony reserves the right to amend as necessary to add to this action additional claims that may be made against Defendant(s).

**WHEREFORE, PREMISES CONSIDERED,** Colony Insurance Company prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that HSIC owed a duty to defend RGV against the claims raised in the Underlying Lawsuit; that HSIC's refusal to defend RGV in the Underlying Lawsuit was wrongful; that Colony is entitled to reimbursement of its amounts expended to defend RGV that were rightfully owed by HSIC; for its attorney's fees and costs of court; and for such other and further relief, at law or in equity, to which Colony may show it is justly entitled.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

/s/ *Stephen A. Melendi*
Stephen A. Melendi – Attorney-In-Charge
State Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Aaron G. Stendell
State Bar No. 24073062
Southern District Bar No. 2175505
AaronS@tbmmlaw.com

        2811 McKinney Avenue, Suite 250 West
        Dallas, Texas 75204
        Telephone:   (214) 665-0100
        Facsimile:    (214) 665-0199
        **ATTORNEYS FOR COLONY INSURANCE COMPANY**