UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. M-7:17-cv-273 |
| **HOUSTON SPECIALTY INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF COLONY INSURANCE COMPANY'S
UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff Colony Insurance Company ("Colony") and, pursuant to Federal Rule of Civil Procedure 41(a)(2), hereby files its Unopposed Motion to Dismiss Defendant Houston Specialty Insurance Company ("HSIC"), without prejudice, as follows:

**1.
Introduction**

1. Plaintiff Colony filed its Original Complaint against Defendant HSIC on July 14, 2017, seeking a declaratory judgment to determine whether Defendant HSIC has a duty to defend Colony's insured, RGV Alliance Construction, LLC ("RGV"), against the claims raised against RGV in a lawsuit styled *Rio Grande City Consolidated ISD (Ringgold Elementary) v. D. Wilson Construction Company*, Cause No. DC-15-204-B in the 229th Judicial District Court, Starr County, Texas ("Underlying Lawsuit"). *See* Dkt. 1.

2. All matters in controversy between Plaintiff and Defendant have been resolved. Plaintiff hereby requests the Court to dismiss said claims, actions, and causes of action asserted by

Plaintiff against Defendant arising out of the occurrence made subject of the above-styled and numbered cause, such dismissal to be.

## II.   ARGUMENT AND AUTHORITY

### A.   Voluntary Dismissal

4. The Court should freely grant a motion for voluntary dismissal as long as the non-movant will not be prejudiced. *See* Fed. R. Civ. P. 41(a)(2); *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002). Outright denial of a motion to dismiss should be reserved only for those cases where "the defendants demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203-04 (N.D. Tex. 1988).

5. There is no claim-dispositive motion pending nor is there any legal prejudice that the Defendant would incur by dismissing this matter. Further, Defendant has not filed a counterclaim. As a result of settling all claims with Defendant HSIC, Plaintiff Colony no longer seeks to prosecute this case against the Defendant. Therefore, the Plaintiff's unopposed motion to dismiss without prejudice should be granted.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Colony prays that the above-styled and numbered cause be dismissed, without prejudice as to refiling, and that the parties shall bear their own costs.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

/s/ *Stephen A. Melendi*
Stephen A. Melendi – **Attorney-In-Charge**
State Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
Aaron G. Stendell
State Bar No. 24073062
Southern District Bar No. 2175505
AaronS@tbmmlaw.com

2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   (214) 665-0100
Facsimile:   (214) 665-0199
**ATTORNEYS FOR COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to the following counsel of record:

Charles B. Mitchell
charles.mitchell@namanhowell.com
Michael Shane O'Dell
sodell@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
306 West 7th Street, Suite 405
Fort Worth, Texas 76102
Facsimile:   (817) 509-2060
**COUNSEL FOR DEFENDANT**

/s/ *Stephen A. Melendi*
Stephen A. Melendi